Willia NIUKKANEN, also known as William Niukkanen, also known as William Albert Mackie, Petitioner,

v.

John P. BOYD, District Director, Immigration and Naturalization Service, United States Department of Justice, John Wilson, Officer in Charge, Immigration and Naturalization Service Office, United States Department of Justice, at Portland, Oregon, successor to Roy J. Norene, Respondents.

Civ. No. 7833.

United States District Court
D. Oregon.

March 2, 1956.

Peterson & Pozzi and Berkeley Lent, Portland, Or., for plaintiff.

C. E. Luckey, U. S. Atty., and James W. Morrell, Asst. U. S. Atty., of Portland, Or., for defendants.

SOLOMON, Judge.

Petitioner in his amended petition for a writ of habeas corpus alleges that he is being illegally held for deportation to Finland by the defendants, officers of the Immigration and Naturalization Service. He further alleges that the finding by this administrative agency that he was a member of the Communist Party from 1937 to 1939 and the order to deport him under the provisions of the Act of October 16, 1918, as amended by § 22 of the Internal Security Act of 1950, 64 Stat. 1006 [1] (hereinafter referred to as the Act), are arbitrary, capricious, and contrary to law.

Specifically, petitioner contends:

1. Now 8 U.S.C.A. § 1182(a) (28) (C).

(1) There was no reasonable, substantive or probative evidence adduced in the administrative proceedings to support the order of deportation.

(2) There was no legal, reasonable or proper grounds for the denial of petitioner's application for suspension of his deportation under the provisions of § 244 (a) (5) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1254(a) (5) by the Special Inquiry Officer or by the Board of Immigration Appeals, and that the denials were arbitrary and capricious.

(3) The Act, insofar as it makes past membership in the Communist Party of the United States grounds for deportation, is unconstitutional in that:

(a) It deprived petitioner of liberty without due process of law, in violation of the Fifth Amendment;

(b) It abridges his freedom of speech in violation of the First Amendment;

(c) It is an ex post facto law;

(d) It is a bill of attainder.

■ I find that there was ample evidence adduced at the immigration hearing from which the Special Inquiry Officer could have and did find that the petitioner was a voluntary member of the Communist Party from 1937 to 1939. Petitioner was not only given an opportunity to testify at these hearings, but he was also warned of the dangers of not testifying. In spite of this admonition, petitioner elected not to testify on the question of whether he had been a member of the Communist Party.

Later, petitioner did testify at the hearing at which he sought to obtain a suspension of the order of deportation. At this hearing, he denied that he had ever been a member of the Communist Party. However, his testimony was far from convincing, and there is no basis for the contention that the discretionary relief sought was arbitrarily or capriciously denied him.

The contention that the Act is unconstitutional, insofar as it makes past membership in the Communist Party the basis for deportation on the grounds that such Act violates the First and Fifth Amendments and is an ex post facto law, was noted, considered and denied in Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586.

■ There is no merit in the contention that the Act is a bill of attainder. Although Mr. Justice Black in his dissenting opinion in Galvan v. Press, 347 U.S. 522, 533, 74 S.Ct. 737, 98 L.Ed. 911, mentioned this possibility, it is apparent that he did not believe that such provisions constituted a bill of attainder, and the majority opinion sustained the order of deportation.

Petitioner came to the United States when he was less than one year old; he has lived here continuously. His wife is a native-born American citizen, and she has a native-born child by a prior marriage. The deportation will cause them, as well as his aged parents, considerable hardship.

■ The courts have recognized that the practice of deportation "bristles with severities." Although the law is severe and works many hardships, the right to terminate hospitality to aliens and the grounds upon which such determination shall be based are matters solely for the responsibility of Congress and are wholly outside the power of the court to control. Harisiades v. Shaughnessy, supra, 342 U.S. at pages 587 and 597, 72 S.Ct. at pages 517 and 522.

The amended petition for writ of habeas corpus and complaint for injunctive relief is dismissed on the merits, and the writ of habeas corpus heretofore issued is discharged. Petitioner will be remanded to the custody of John P. Boyd, District Director of the Immigration and Naturalization Service, United States Department of Justice, to be held for deportation, pursuant to the warrant and order of deportation previously issued.